UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **Y.V.S.**, | § | |
| | § | |
| *Petitioner*, | § | |
| **v.** | § | |
| | § | |
| **CHAD F. WOLF,** *Acting Secretary, U.S.* | § | **EP-20-CV-00228-DCG** |
| *Dept of Homeland Security*, **WILLIAM** | § | |
| **BARR,** *U.S. Attorney General*, **MATTHEW** | § | |
| **T. ALBENCE**, *Deputy Director, U.S.* | § | |
| *Immigration and Customs Enforcement*, | § | |
| **COREY PRICE**, *Field Office Director, El* | § | |
| *Paso Field Office, ICE*, and **JOSE** | § | |
| **RENTERIA**, *Officer in Charge, El Paso* | § | |
| *Processing Center*, | § | |
| | § | |
| *Respondents*. | § | |

## MEMORANDUM ORDER

On this day, the Court considered Petitioner Y.V.S.'s "Petition for Writ of Habeas Corpus" (ECF No. 6)[1] filed pursuant to 28 U.S.C. § 2241 on August 17, 2020, in the above-captioned cause. Therein, Petitioner, a 40-year-old Cuban woman, alleges that she been unlawfully detained for more than thirteen months by Respondents without a hearing before a neutral decision-maker—while she pursues claims for asylum, withholding of removal, and protection under the Convention Against Torture. At the time of her filing the instant petition, she was detained at the El Paso Processing Center in El Paso, Texas, operated by U.S. Immigration and Customs Enforcement. She seeks release from custody.

---

[1] Initially, Petitioner filed a "Petition for Writ of Habeas Corpus" (ECF No. 1) on August 14, 2020. Subsequently, she filed the instant petition (ECF No. 6), which she describes as her "First Amended Petition for Writ of Habeas Corpus," *see* Pet. at 1 n.1, ECF No. 6, though the title of the petition does not indicate that it is an amended petition.

Along with her petition, she filed an opposed "First Amended Motion for an Order to Show Cause Requiring Respondents to Timely Respond" (ECF No. 8).[2]  Therein, Petitioner requests that the Court order, pursuant to 28 U.S.C. § 2243, Respondents to file their response within three days or, for good cause, additional time not exceeding twenty days.

Section 2243 provides that a district court "entertaining an application for a writ of habeas corpus shall *forthwith* award the writ or issue an order directing the respondent to show cause why the writ should not be granted" unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. §2243 (emphasis); *see also Simpson v. Ortiz*, 995 F.2d 606, 609 (5th Cir. 1993) (concluding that district court complied with the statutory "forthwith" requirement because it issued show cause order "just twenty-one days after [the] petition was filed").  The "order to show cause . . . shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed."  § 2243.

Courts have held that the strict time limits prescribed by § 2243, a provision enacted in 1948, are subordinate to the district court's discretionary authority to set deadlines under Rule 4[3] of *Rules Governing Section 2254 Cases in the United States District Courts*, which Congress approved in 1976.  *E.g.*, *Taylor v. Gusman*, No. CV 20-449, 2020 WL 1848073, at *2 (E.D. La.

---

[2] On August 14, 2020, Petitioner filed "Motion for an Order to Show Cause Requiring Respondents to Timely Respond" (ECF No. 5).  As with her petition, she has since filed the instant amended motion to correct certain unintended errors.  Am. Mot. for Order to Show Cause at 1 n.2, ECF No. 8.

[3] Rule 4 provides, in relevant part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response *within a fixed time*, or to take other action the judge may order.

Rules Governing Section 2254 Cases at 3 (emphasis added), https://www.uscourts.gov/sites/default/files/rules_governing_section_2254_and_2255_cases_in_the_u.s._district_courts_-_dec_1_2019.pdf (last visited August 20, 2020).

Apr. 13, 2020); *Maniar v. Warden Pine Prairie Corr. Ctr.*, No. 6:18-CV-00544 SEC P, 2018 WL 4869383, at *1 (W.D. La. May 2, 2018) (collecting illustrative cases); *Gordon v. Dir., TDCJ-CID*, No. 4:17CV786, 2018 WL 3060533, at *1 (E.D. Tex. Apr. 25, 2018), *R & R adopted*, 4:17CV786, 2018 WL 3046540 (E.D. Tex. June 19, 2018); *Castillo v. Pratt*, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001); *see also* Pub. Law. No. 94–426, 90 Stat 1334 (1976). Petitioner appears to recognize as much. *See* Am. Mot. for Order to Show Cause at 3 (citing Rule 4).

As grounds for her request, Petitioner asserts that: (1) this case does not present complex questions of fact or law that may prohibit Respondents to answer her petition in the time she requests, (2) the habeas statute contemplates a timely hearing and remedy; and (3) her pre-existing medical conditions (prediabetes, inflamed thyroid nodule, circulatory problems, anxiety, depression, and a history of lung infections such as bronchitis and pneumonia) put her at high risk for contracting COVID-19 at the El Paso Processing Center, which has, to date, confirmed 171 COVID-19 cases among its detainees. Am. Mot. for Order to Show Cause at 4–5.

The Court sympathizes with Petitioner's predicament—her health conditions amidst the COVID-19 pandemic—and will endeavor to rule on her petition as promptly as practicable. It however finds that a twenty-one day deadline for Respondents to adequately answer or otherwise respond to her petition is reasonable under the circumstances. Indeed, as reflected in some of the illustrative cases she relies on in support of her motion, courts have denied such motions based on similar grounds and allowed respondents twenty days to respond. *Id.*, Ex. 1.

Accordingly, **IT IS ORDERED** that Petitioner's Motion for an Order to Show Cause Requiring Respondents to Timely Respond (ECF No. 5) and First Amended Motion for an Order to Show Cause Requiring Respondents to Timely Respond (ECF No. 8) are **DENIED**.

**IT IS FURTHER ORDERED** that Respondents **SHALL FILE** a response to the petition (ECF No. 6) by no later than **September 11, 2020**.

**IT IS FURTHER ORDERED** that Petitioner may file a reply to Respondents' response, provided that the reply is filed no later than **ten (10) days** after the date of service of Respondents' response.

**IT IS FURTHER ORDERED** that Respondents, their agent, or anyone else acting on their behalf shall notify the Court before taking any action to transfer Petitioner outside of the Western District of Texas.

**IT IS FINALLY ORDERED** that the District Clerk shall furnish the Office of the United States Attorney in El Paso, Texas, with copies of the petition (ECF No. 6) and the instant Memorandum Order, and that such delivery shall constitute sufficient service of process.

**So ORDERED and SIGNED this  _21st_  day of August 2020.**

**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**